UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FILED
MAR - 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CARPENTERS LABOR-MANAGEMENT )
PENSION FUND, )
101 Constitution Avenue, N.W. )
Washington, D.C. 20001 )
)
and )
)
DOUGLAS MCCARRON, RICHARD )
ARISPE, ALAN CHIL'COTE, as Trustee )
of the CARPENTERS LABOR- )
MANAGEMENT PENSION FUND, )
101 Constitution Avenue, N.W. )
Washington, D.C. 20001 )
)
    Plaintiffs, )
)
v. )
)
KERR 3 CONSTRUCTION GROUP, )
L.L.C., an Oklahoma Limited Liability )
Company, )
440 S. Coltrane Rd. )
Edmond, Oklahoma 73034 )
)
    Defendant. )
)
_____)

07 0419
ROBERTS, J. RWR
MAR 0 2 2007

## COMPLAINT

Plaintiff, Carpenters Labor-Management Pension Fund ("Pension Fund"), and Plaintiffs, Douglas McCarron, Richard Arispe, and Alan Chil'Coté ("Trustees"), in their capacities as fiduciaries with respect to the Pension Fund (together, the "PLAINTIFFS"), by and through the undersigned counsel, on knowledge and on information and belief, complain of KERR 3 CONSTRUCTION GROUP, L.L.C., an Oklahoma Limited Liability Company, ("DEFENDANT") as follows:

## JURISDICTION

1.  As to Claims One, Two and Three, this action arises under Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"),

Carpenters Labor, etc. v. Kerr 3 Construction, etc.

29 U.S.C. § 1145, Section 301 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and as a federal question under 28 U.S.C. § 1331. Pursuant to those provisions, and pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, jurisdiction over this action properly lies with this Court.

## VENUE

2. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Pension Fund is administered in the District of Columbia, and Article XIII, Section 13.5, of the Pension Fund's Trust Agreement provides that the District of Columbia shall be deemed the situs of the Pension Fund.

## PARTIES

3. PLAINTIFF Pension Fund is a multiemployer pension benefit plan within the meaning of Sections 3(2), 3(37), 402, and 403 of ERISA, 29 U.S.C. §§ 1002(2), 1002(37), 1102 and 1103.

4. PLAINTIFF Trustees are Trustees of the Pension Fund, and are fiduciaries with respect to such Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

5. In accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and Sections 402 and 403 of ERISA, 29 U.S.C. §§ 1102 and 1103, the Pension Fund was established and is maintained pursuant to the Agreement and Declaration of Trust of the Carpenters Labor-Management Pension Fund (the "Trust Agreement"), originally made and entered into on September 22, 1971, and amended from time to time, to provide retirement benefits to eligible employees covered by collective bargaining agreements with local unions affiliated with the United Brotherhood of Carpenters and Joiners of America.

6. The Trustees and the Pension Fund bring this action, in their respective

capacities, under ERISA Sections 502(a)(3), 502(d)(1), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), 1132(d)(1), 1132(g)(2), and 1145.

7. Upon information and belief, Defendant KERR 3 CONSTRUCTION GROUP, L.L.C., an Oklahoma Limited Liability Company, is a for-profit limited liability company under the laws of Oklahoma, and doing business in the State of Oklahoma and has a principal place of business at 440 S. Coltrane Rd., Edmond, Oklahoma 73034.

8. DEFENDANT is an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and engaged in the carpentry trade, and is therefore in an industry affecting commerce within the meaning of Section 3(12) of ERISA, 29 U.S.C. § 1002(12).

## ALLEGATIONS

9. DEFENDANT is bound to a Collective Bargaining Agreement (the "CBA") between Kerr3 Construction Group and Arkansas Regional Council of Carpenters of United Brotherhood of Carpenters and Joiners of America.

10. Upon information and belief, DEFENDANT has assumed certain reporting and contribution obligations relating to the CBA.

11. The CBA sets forth the rate at which DEFENDANT agrees to make contributions to the Pension Fund on behalf of its employees.

12. Pursuant to the CBA, DEFENDANT agrees to be bound by the Pension Fund's Trust Agreement and all procedures established pursuant to the Trust Agreement.

13. Article V of the Trust Agreement sets forth the contribution obligations of participating Employers.

14. Article V, Section 5.1 of the Trust Agreement requires an Employer, such as DEFENDANT, to contribute to the Pension Fund the amount set forth in the applicable CBA.

15. Article V, Section 5.5 of the Trust Agreement requires an Employer to submit

Employer's Monthly Report ("REPORTS") on contributions to the Pension Fund, and states that "[t]he Trustees may at any time have an audit made of the payroll and wage records of any Employer in connection with said contributions and/or reports."

16. Article V, Section 5.4 of the Trust Agreement provides that the Trustees may require an Employer that defaults in payment of any required contributions for thirty working days to pay a reasonable rate of interest, to be set by the Trustees, from the date the payment was due to the date the payment is made, and to pay such liquidated damages as the Trustees may set, together with all expenses incurred by the Trustees in collecting the unpaid contributions.

17. As authorized by Article V of the Trust Agreement, the Trustees have adopted certain procedures to monitor and enforce the reporting and contribution requirements of the CBA and the Trust Agreement (the "Collection Procedures").

18. Article III, paragraph (a) of the Collection Procedures provides that an Employer shall be considered delinquent if the Employer's Reports or contributions are not received by the Pension Fund by the first business day on or after the fifteenth day of the month, following the month in which the relevant hours were worked.

19. Article III, paragraph (c)(1) of the Collection Procedures specifies that the interest rate assessed by the Trustees on delinquent contributions shall be 1.5 percent per month.

20. Article III, paragraph (c)(4) of the Collection Procedures specifies that if legal action is taken against a delinquent Employer to collect delinquent contributions, the delinquent Employer shall be charged liquidated damages, audit fees, attorneys' fees, and costs incurred by the Pension Fund.

21. Article III, paragraph (c)(3) of the Collection Procedures specifies that liquidated damages shall equal the greater of $750, or 20 percent of the

delinquent contributions.

22. Article IV, paragraph (a) of the Collection Procedures provides that it is the policy of the Trustees to audit Employers to determine whether the Employers have satisfied their reporting and contribution obligations to the Pension Fund.

23. Article IV, paragraph (e)(2) of the Collection Procedures specifies that if payment of delinquent contributions and interest is not made within thirty days of notification thereof, the costs of an audit will be charged to the Employer.

## FIRST CLAIM FOR DELINQUENT CONTRIBUTIONS AND OTHER RELIEF

24. The allegations contained in Paragraph 1 through 23 are hereby incorporated as if stated in full.

25. DEFENDANT failed to properly report and make contributions pursuant to the terms of the CBA and Trust Agreement.

26. On or about October 31, 2006, the auditing firm of Needles &Associates, LLC, on behalf of the Pension Fund, conducted an audit of the DEFENDANT's books and records for the contribution period of January 2004 through August 2006. The audit revealed current unpaid contributions in the amount of $18,329.40.

27. On November 1, 2006, the Pension Fund issued a demand upon DEFENDANT demanding that the DEFENDANT comply with its statutory and contractual obligations and remit the delinquent contributions, with accrued interest, as required under the CBA and Trust Agreement

28. DEFENDANT did not comply with the Pension Fund's demand letter.

29. On December 8, 2006, the Pension Fund, through Counsel, issued further demands upon DEFENDANT demanding that the DEFENDANT immediately remit the delinquent contributions, with accrued interest.

Counsel's letter dated December 8, 2006, also demanded submission of unfiled Reports for the period October 2006 and November 2006.

30. Except for submitting and paying the November 2006 report, DEFENDANT did not comply with the Pension Fund's Counsel's demand letter.

31. To date, DEFENDANT remains delinquent and has failed to pay any of the contribution deficiency, or any of the accrued interest, as required by the terms and conditions of the CBA and the Trust Agreement.

32. DEFENDANT's failure to comply with its contribution obligations under the CBA and Trust Agreement has resulted in DEFENDANT currently owing the Pension Fund the principal sum of $18,329.40. In addition, interest is due on this amount.

33. DEFENDANT has further failed to submit and pay Reports for October 2006. It is Plaintiffs information and belief that DEFENDANT was performing work covered under the CBA during this period.

34. DEFENDANT's delinquency has also resulted in DEFENDANT owing the Pension Fund liquidated damages in the amount of $3,665.88, the cost of the audit in the amount of $1,905.03, interest in the amount of $1,324.86 (calculated through December 8, 2006) and reasonable attorneys' fees and costs in bringing this action to enforce the Pension Fund's rights.

## SECOND CLAIM FOR RELIEF
## FOR INJUNCTIVE RELIEF

35. PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 34 of its Complaint and alleges a Second Claim for Relief as to DEFENDANT for Injunctive Relief as follows:

36. ERISA section 502(a) provides in part: "A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan. . . ."

37. Additionally, section 515 of ERISA (29 U.S.C. § 1145), as amended provides "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement".

38. DEFENDANT has failed to submit REPORTS and/or remit full contributions to the Pension Fund during the period of January 2004 through August 2006; and October 2006, and may fail to furnish REPORTS or remit contributions to the Pension Fund for subsequent months.

39. As a result of the DEFENDANT's failure to pay contributions on the dates on which its contributions were due, DEFENDANT has become indebted to the Pension Fund for contributions, liquidated damages, and interest.

40. DEFENDANT's failure to promptly pay its delinquencies to the Pension Fund on the dates on which such contributions were due is a violation of the CBA and Trust Agreement.

41. DEFENDANT's delinquencies to PLAINTIFFS have occurred from January 2004 and are continuing.

42. DEFENDANT will continue to refuse or fail to timely pay contributions to the Pension Fund and thereby create future unpaid delinquencies during the remaining terms of the CBA and Trust Agreement. Unless DEFENDANT is enjoined from failing to make its contributions and restrained from incurring delinquencies, the Pension Fund will suffer irreparable injury for which there is no adequate remedy at law since, among other things, the Pension Fund will be required to bring a multiplicity of actions at law to recover the delinquencies as they occur, to the Pension Funds' great expense and hardship. Further, unless DEFENDANT is so enjoined, based on experiences with other similarly situated employers, the Pension Fund has little prospect

of ever collecting on the additional delinquencies incurred as such employers frequently petition for bankruptcy, dissolve or otherwise cease doing business as a result of the financial difficulties involved in their delinquencies, and the Pension Fund is unable thereafter to collect delinquencies thus owing.

## THIRD CLAIM FOR RELIEF
## TO CONDUCT AN AUDIT

43. PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 42 of its Complaint and allege a Third Claim for Relief as to DEFENDANT to conduct an Audit as follows:

44. This action for Specific Performance arises and jurisdiction of the court is founded on section 301 of the Labor-Management Relations Act of 1947 ("LMRA") (29 U.S.C. §185(a)) and section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C.A §1132).

45. The CBA and Trust Agreement require DEFENDANT to permit the Pension Fund to audit and copy all DEFENDANT's records to determine whether the DEFENDANT has made the appropriate contributions to the Pension Fund.

46. The CBA and Trust Agreement provide that the Pension Fund has the specific authority to examine DEFENDANT's job cost records to determine whether they are in compliance with their obligations under the agreement.

**WHEREFORE**, Plaintiffs pray that the following relief be granted:

A. An injunction enjoining DEFENDANT from violating the terms of the CBA and Trust Agreement;

B. A judgment be entered against DEFENDANT for contributions owed to the Pension Fund, in the amount of $18,329.40;

C. A judgment for interest on all amounts due the Pension Fund, from the date they became due and until paid, at the rate of 1.5 percent per month, in accordance with the Trust Agreement and the Collection Procedures;

D. A judgment for the greater of interest on all amounts due the Pension Fund, from the date they became due and until paid, at the rate of 1.5 percent per month, in accordance with the Trust Agreement and the Collection Procedures or liquidated damages in the amount of $3,665.88, in accordance with the Trust Agreement and the Collection Procedures and as permitted by ERISA Section 502(g), 29 U.S.C. § 1132(g);

E. A judgment for $1,905.03, representing the Pension Fund's costs in conducting the audit;

F. A judgment for attorneys' fees, court costs, and other costs incurred in connection with this action;

G. A judgment for submission and payment of unfiled reports, for the period of October 2006 and for January 2007 and ongoing;

H. That DEFENDANT be compelled to forthwith submit to an audit of DEFENDANT's business records covering the period from September 2006 to the present by the Pension Fund's auditors;

I. Such other further relief as the Court deems just and proper.

Dated: March 2, 2007

Brian F. Quinn, Esq. D.C. Bar No. 447619
a member of
DeCARLO, CONNOR & SHANLEY,
a Professional Corporation
101 Constitution Ave. N.W.
Tenth Floor
Washington, DC 20001
Telephone (202)589-1151
Telecopier (202)589-0105
Email: bquinn@deconsel.com

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-419
RWR

## I (a) PLAINTIFFS

Carpenters Labor-Management Pension Fund, and Douglas McCarron, Richard Arispe, Alan Chil'cote, as Trustees of the Carpenters Labor-Management Pension Fund
101 Constitution Avenue, NW,
Washington, D.C. 20001

## DEFENDANTS

Kerr 3 Constriction Group, LLC, an Oklahoma Limited Liability Company,
440 S. Coltrane Road
Edmond, OK 73034

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Brian F. Quinn, Esq.
DeCarlo, Connor & Shanley, P.C.
101 Constitution Avenue, NW, 10th Floor
Washington, D.C. 20001
(202) 589-1151

CASE NUMBER 1:07CV00419

JUDGE: Richard W. Roberts

DECK TYPE: Civil Rights (non-employment)

DATE STAMP: 03/02/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ⊙ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Sec. 301 LMRA, 29 USC Sec. 185; Sec. 515 ERISA, 29 USC Sec. 1145; Employer failed to make requisite contributions

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ approx. $23,900.31    Check YES only if demanded in complaint
JURY DEMAND: YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE March 1, 2007    SIGNATURE OF ATTORNEY OF RECORD  Brian H. Quinn

3/2/07

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.